## JUNE TERM, 1842.

### Theophilus Freeman *v.* W. H. Finnall, *et al.*

F. filed his bill against W. F., alleging that they had been partners, and that W. F. was indebted to him on their partnership liabilities, and also on his private account, in a large sum, not reduced to judgment, and seeking to attach a debt due by M. and D. to W. F., to be appropriated to the payment of W. F.'s debt to F. ; *held,* that the court of chancery had no jurisdiction of the case.

A bill uniting partnership and private demands, filed by one partner against another, is fatally defective.

A creditor at large, cannot come into a court of chancery upon a purely legal claim, and enjoin his debtor from selling, receiving, or disposing of his effects.

Where a bill for injunction had, been filed twelve months, and the answer, denying its allegations, been filed four months, and by law the complainant was authorized to take testimony in thirty days after the bill was filed, and a motion was made to dissolve the injunction ; *held,* that a continuance of the motion will not be granted, to enable the plaintiff to procure testimony to sustain his bill.

THE bill in this case was filed by Theophilus Freeman, against the defendant, W. H. Finnall, and others, and stated, that Finnall was a citizen of Virginia ; that, in 1834, the complainant and Finnall commenced business jointly and in copartnership, for the period of three years, in the purchase and sale of negroes ; that a full and final settlement of all the matters and things touching their copartnership had not yet been had ; but, on such settlement, he verily believed, that said defendant would be indebted to the complainant in the sum of $11,818·99, and that such balance would arise out of the payment, by complainant, of the sums of money particularly specified in the bill, on the joint and private account of complainant and defendant, and advanced by him, for the use and benefit of said defendant, and for property sold to him. The statement of the several items shows, that they had connection with and pertained as well to the partnership, as their individual private business. The bill charged, that Finnall was utterly insolvent, that he claimed the benefit of a note, made by Benjamin L. Miles, to, and indorsed by, Murchison and Doyle, and others, dated on the 8th day of October, 1836, for ten thousand dollars, on which he had recovered judgment, and was endeavoring to col-

lect the same, and refused to appropriate the same, or any part thereof, to the satisfaction of the just claim of the complainant. The bill makes Finnall, and Murchison and Doyle, and Samuel Cotton (who had become security in the forthcoming bond in the execution at law), defendants to said bill.   The prayer of the bill was "forasmuch as said Finnall has no property or estate within the State of Mississippi, except said judgment, that said Murchison and Doyle, and Cotton, be enjoined from paying over to the said Finnall the amount of said judgment, or any part thereof, until the claims of complainant could be heard in equity ; and, on final hearing, that they may be decreed to pay to the complainant, so much as shall appear to be due him from said Finnall ; and he is willing to take a transfer of said judgment and. note, upon which it is founded, in satisfaction of so much of the claim upon said Finnall, if said Finnall will make it, or your Honor decree it," and prayed also for general relief.

The *subpœna* was executed on Finnall on the 25th January, 1841 ; on the 13th September, 1841, he filed his answer, admits the partnership with complainant, for the purpose of trading in slaves, and that it continued for the time charged.   He admits, that the partnership dealings had not been fully settled, but had been in part adjusted, and shows to the Court, that defendant and complainant agreed to submit the whole matters of partnership dealings to the arbitrament of Thomas Botts, and Richard C. Moncure of Fredericksburgh, in the State of Virginia, for final settlement ; that they had awarded in part a division of the promissory notes then on hand, free from disputes and difficulty.   Some notes and bills had been previously put in suit by said Freeman, and some by the defendant, the fate of which being doubtful, were left open for future award, when it should be ascertained whether the same could be collected or not ; some of said notes had since been collected and accounted for : and he insisted, that the matters which have been submitted to said arbitrators should be suffered to remain subject to that friendly jurisdiction until a final award was made, or the arbitrators refused to act in the premises.   The defendant denied most of the items charged in the bill, and to the others set up, in avoidance, that the same matters were submitted to the arbitrators in Virginia, and that

they were allowed by them ; upon this state of pleading, a motion to dissolve an injunction, granted by a circuit judge, was made, and the cause submitted on that motion. The complainant asked for a continuance of the motion to take depositions.

*Montgomery*, and *Boyd*, for the motion to dissolve.
*Sanders*, for complainant, in reply.

The material allegation of the complainant's bill is, that the defendant, Finnall, is indebted to him, the complainant, out of their transactions, in the sum of about $11,818·99. This allegation is nowhere denied in the defendant's answer, and although the bill may not as fully as it should have done charge, that the said note on Miles was a partnership debt due the concern, yet such is the fact, and, from the whole tenor of the bill, it may be fairly inferred ; why else the language of the bill, speaking of said notes and judgment on Murchison and Doyle, " and is endeavoring now to collect the same, and refuses to appropriate the same, or any part thereof, to the satisfaction of the joint claims of the complainant." The answer does not pretend, that the said note did not originate in said partnership transactions, or that it belongs exclusively to defendant, or had ever been set apart to him by division or otherwise ; this is his language on that branch of the case : " Respondent admits, that he claims the benefit of B. L. Miles's note, described in complainant's bill, and insists, that no cause has been shown in the complainant's false, malignant, and multifarious bill, to warrant this Honorable Court in interposing, to deprive him of his legal right thereto."

In this condition, this cause is submitted upon bill and answer (together with the affidavit of Freeman the complainant, for a continuance, on the ground of want of time to take his depositions ; the names of the witnesses are exhibited, and what he expects to prove by each, and that they reside in four different States, two of which are 'remote from this ; that he and the defendant are residents of different States). It is true, that the bill is inartificially drawn, but to the enlightened Court, there is enough shown for the purpose of retaining the injunction, at least, until the complainant may have an opportunity of procuring his testimony.

Story, in his Equity Commentaries, lays down this principle ; " another species of tacit or implied trust, or perhaps, strictly speaking, of tacit or implied pledge or lien, is that of each partner in and upon the partnership property, whether it consists of lands, or stock, or chattels, or debts, as his indemnity against the joint debts, as well as his security for the ultimate balance due to him for his own share of the partnership effects." Vol. 2, page 490, 491. If it is permissible, I am prepared to offer affidavits to show that the said note of ten thousand dollars was given for partnership property, and I here have in my possession, and submit to the Court, the original deed of trust from Miles to Freeman, to secure the payment of the said note of ten thousand dollars. I have discovered, since this motion was made, that the bill is not as full upon this point as it should have been, and have so advised my client thereof, who will in due time offer an amendment.

I hope the Court will find sufficient to retain the injunction, at least, until the next term.

CHANCELLOR. The complainant, in this case, entered into partnership with Finnall, one of the defendants, in the trade of buying and selling negroes, for the space of three years. He charges in his bill, that the defendant became indebted to him, for money paid on account of their partnership liabilities, and for money advanced by him to the defendant, for his individual use ; the indebtedness on both accounts, amounting to about eleven thousand dollars. He states further, that Finnall had recovered a judgment for about ten thousand dollars, against the other defendants, Murchison and Doyle, and he prays an injunction to prevent the collection of that debt by Finnall, and that it may be applied to his own claim against Finnall. Independent of the denials of the answer of Finnall, I think it would be difficult to sustain the injunction of the complainant, regarding this bill, as true in all its statements. It is not pretended in the bill, that the judgment against Murchison and Doyle, is partnership property or effects. If it were so, it is difficult to perceive how the complainant could have overlooked a fact so important to the support of his bill.

A not less palpable defect in the bill is the joinder of private and

Freeman *v.* Finnall, et al.

partnership liabilities.   If the complainant has advanced more than his portion in payment of the partnership liabilities, this would constitute him to that extent a creditor of the firm, to which he must look in the first instance for reimbursement, and, lastly, to the individual effects of his partner, and there is no allegation that the partnership effects are not adequate to his indemnity.   The advancement of money by the complainant on account of the individual indebtedness of the defendant, would create nothing more than the ordinary relation of debtor and creditor ; to the adjustment of which a court of law would be amply adequate.   There is no instance of allowing a creditor at large to come into this Court upon a purely legal claim, and enjoin his debtor from selling, receiving, or disposing of his effects.   This can only be done after the creditor has reduced his claim to the shape of a judgment.

But apart from this view of the case, the answer of Finnall contains, I think, a full denial of the most important charges in the bill.   The complainant asks for a continuance of the motion, to enable him to procure testimony to sustain his bill.   The bill was filed about twelve months before the meeting of this Court, and the answer four months prior thereto.   Under our statutes upon that subject, the complainant can proceed to take testimony at any time after the expiration of thirty days from filing his bill.   I do not think, therefore, that the complainant is entitled to the indulgence he asks.

The injunction must be dissolved.