AUGUSTUS E. DICKINSON, APPELLANT, *v.* EDMUND E. PRICE, RESPONDENT.

*Estoppel — res adjudicata — judgment by default in summary proceedings — its effect — a judgment which might have been based on either of two grounds, when it may be claimed as an estoppel.*

In an action brought to recover damages for the alleged illegal discharge of Dickinson, a workman, by Price, his employer, it appeared that as an inducement to Dickinson to enter his service for a period of one year Price said he would let him have a certain house at seven dollars per month.   After his discharge Dickinson continued to occupy the house until, about two months later, Price began summary proceedings against Dickinson, who put in an answer denying any indebtedness for rent, and further setting up the contract for services, and that under it he was to have the use of the house for a year at seven dollars per month; that the contract had not expired; that he had been improperly discharged, and that Price had agreed to take his rent from Dickinson's earnings, which were payable weekly.

Upon the trial Dickinson did not appear and Price took judgment by default for one month's rent.

Upon the trial of an action brought to recover damages for the discharge of Dickinson the judgment entered in the summary proceedings was admitted in evidence and held to be a bar to the action.

*Held,* that this was error.

That the judgment by default in summary proceedings was conclusive only as to those allegations which the petition therein stated as grounds for a recovery under the statute, and that the affirmative allegations of Dickinson in the answer to the petition did not widen the issue.

That if the fact established by the judgment, that some rent was due, was to be taken to prove, inferentially, that Price had not broken the contract, and that,

therefore, he had not discharged Dickinson improperly, the burden was upon Price to show affirmatively that the judgment went upon that ground, and not simply upon the ground that the contract did not apply to the rent.

That as the present action and the summary proceedings were entirely different causes of action, one claiming an estoppel by the former judgment must show that the issuable fact was determined in the summary proceedings.

Appeal by the plaintiff Augustus E. Dickinson from a judgment of the Onondaga County Court, entered in the clerk's office of said county on the 30th day of November, 1891, dismissing the complaint after a trial before the court and a jury ; also from an order, entered in said clerk's office on the 1st day of December, 1891, denying a motion for a new trial made upon the minutes of the court.

*Wm. Lincoln Barnum,* for the appellant.

*Homer Weston,* for the respondent.

Merwin, J. :

The question in this case relates to the effect of a judgment, in favor of the defendant against the plaintiff, in summary proceedings to recover the possession of real property.

In the complaint in the present case, it is alleged that, on or about the 28th of March, 1890, it was mutually agreed between plaintiff and defendant that plaintiff should work for defendant at painting and paper-hanging for the term of one year from and after the 1st day of April, 1890, at the price of two dollars a day for each day, excluding Sundays, without loss of time, plaintiff to be paid weekly at the end of each week ; that plaintiff entered upon the work on or about April first, and worked for the defendant until October 18, 1890, when the defendant discharged him and refused to employ or allow him to work any longer ; that plaintiff at divers times offered to work and complete his contract, and has been ready and willing to perform, but defendant has always refused to allow him to do so ; that for fifty-four days of the time after October eighteenth, the plaintiff was unable procure work elsewhere, although he often tried to do so ; that defendant was indebted to plaintiff under said contract for $100, for which judgment was demanded. The answer contained a general denial and also set up that defend-

ant had good ground to discharge plaintiff, and that plaintiff had further employment. As a further defense, the summary proceedings hereinafter referred to were set up.

Upon the trial of the action it appeared from the testimony of the plaintiff that he was first employed by the defendant in August, 1889, by the day, and so continued to April first following; that during the winter he lived in the house of the defendant, paying seven dollars a month rent; that about the 28th of March, 1890, there was a conversation between plaintiff and defendant in which plaintiff said he was going to leave on first of April because he could do better elsewhere, and defendant replied he wanted him to stay, and finally offered him two dollars a day for a year with no lost time, and to this plaintiff replied he would consider it a day or two; that on the morning of April first the subject was continued, the offer of defendant being repeated, and he adding: " I was calculating to charge you ten dollars a month for the house after I fix it up, but I will let you have the house the same as you have been having it for seven dollars a month for one year," and that plaintiff replied that he would take him up at his offer and commence there that morning; that plaintiff continued to work under that contract, until October eighteenth, receiving his pay at the end of every week; that on the eighteenth of October he was discharged, and was also told to find another place to live in; that on November sixth he paid the defendant rent, receiving therefor a receipt. The plaintiff also gave evidence as to the occasion of the discharge and what subsequently occurred between him and defendant, the latter at one time denying that he ever made any contract with plaintiff. Upon cross-examination he testified to the commencement of summary proceedings and to his putting in an answer therein. Thereupon the defendant put in evidence the record of those proceedings.

From this it appeared that on January 6, 1891, Price, the present defendant, presented to a justice of the peace a verified petition, stating that he was the owner and entitled to the possession of certain premises, and that on or about the 26th April, 1890, he rented the same to Dickinson " for the term of week to week from the 26th April, 1890, at the weekly rent of $1.75, payable weekly in advance," and that on the 3d January, 1891, seven dollars was due for rent under the agreement and remained unpaid, though duly

demanded, and that Dickinson held over and was in possession without permission; that thereupon a summons, in usual form, was issued, returnable on January 9, 1891, at which time Dickinson appeared and put in a verified answer, and the matter was adjourned by consent to January thirteenth; that upon the adjourned day Dickinson did not appear, and thereupon, as appears by the judgment entered by the justice, witnesses were sworn "for petitioner to establish his claim therein, and said issue, joined by said petition and answer, having been tried by me, and my decision thereon being in favor of the petitioner, and that the amount of rent due him from said defendant is the sum of $7, which was payable on the 3d January, 1891," it was adjudged that such rent was due, and that possession of the property be delivered to the petitioner, and that a warrant issue accordingly. In the answer that was put in by Dickinson, the defendant therein, he denied that he rented the premises from week to week, or that he was indebted in any sum for the rent, and alleged that the rent was paid in full. He also alleged, for further answer, that he and Price, on the 28th March, 1890, entered into a contract by which he, Dickinson, agreed to work for Price for one year from April 1, 1890, at the price of two dollars per day, without any loss of time on his account, and that he, Dickinson, was to have the use of the house in question for the term of one year from April 1, 1890, at the price of seven dollars per month; that Price was to pay him for such services at the end of each week; that he entered upon said work on or about April 1, 1890, and continued to work under the contract until 18th October, 1890, when Price discharged him, and would not allow him to work any longer; that since that time he has been ready and willing to perform, but Price has refused to allow him to do so; that Price agreed, under and by the said agreement, to take his rent for said premises from and in the amount of money agreed to be paid him, Dickinson, under the contract; that Price is not entitled to any rent since the 18th October, 1890, by reason of the breach by him of said contract.

The record above referred to being in evidence, the court, on motion of the defendant, held that it was a bar to the action, and granted a nonsuit so far as plaintiff's cause of action was concerned.

So that, in substance, it was held that the judgment in the summary proceedings was an adjudication that there had been no breach

by defendant of the contract of hiring, and that nothing was due the plaintiff thereon. The plaintiff duly excepted.

A judgment by default in such a summary proceeding is, as between the landlord and tenant, conclusive of the facts alleged in the petition, and which are required by the statute to be alleged as the basis of the proceedings. (*Brown* v. *Mayor*, 66 N. Y., 385.) It is not conclusive as to the amount of rent due, but only that some is due. (*Jarvis* v. *Driggs*, 69 N. Y., 143.) We must, therefore, assume that at the commencement of the summary proceedings on the 6th January, 1891, the plaintiff owed defendant some rent. This alone would not affect the plaintiff's cause of action as alleged in the complaint. But the argument is that the finding of the justice, that some rent was due, necessarily disaffirmed the facts set up in the answer as to the breach of the hiring contract. Does this necessarily follow?

Under the Code (§ 2244) the only answer provided for in such proceedings is one denying generally the allegations, or, specifically, any material allegation of the petition. Under a denial the tenant could prove payment (*Durant, etc., Co.* v. *East River, etc., Co.*, 25 N. Y. St. Rep., 928), or that the lease was void as being part of an usurious agreement, and, therefore, no relation of landlord and tenant. (*People ex rel. Ainslee* v. *Howlett*, 76 N. Y., 574.) So, in the present case, the tenant might have shown under his denials that the rent was paid in fact, or that it was, in effect, paid by the defendant's breach of the agreement, by which it was to be taken out of plaintiff's wages. What was, in fact, shown by the present defendant in his evidence before the justice does not appear. It might have been shown that there was no agreement by defendant to take his rent in that way, and that the contract for hiring and the lease of the house were entirely distinct. The petition alleged that the lease was made on the twenty-sixth of April, while the hiring, as alleged by Dickinson and proved on the present trial, was on the first of April. It is not essential to plaintiff's cause of action that the lease should have been made on the first of April, or, if made then, that there should have been no modification of it afterwards. Nor is it material to plaintiff's cause of action whether defendant did or did not agree to take his rent out of plaintiff's wages.

The issue, as authorized by law, was made by the petition and the denials. The affirmative allegations in the answer did not broaden the issue and should not be so considered in case of default. In *Belden* v. *The State* (103 N. Y., 1) it was held that a judgment is not conclusive as to facts not in issue in the action, but proof of which is given therein to establish facts in issue.

In *Lewis* v. *Ocean Navigation and Pier Company* (125 N. Y., 341) it was held that where a judgment may have proceeded upon either of two or more distinct facts, a party seeking to avail himself of it in a subsequent action as conclusive evidence as to one of those facts, must show affirmatively that it went upon that fact. According to that rule, if the defendant here claimed that the judgment that rent was due was based on the fact that there was no breach of the contract of hiring, rather than upon the fact that the contract did not apply to the rent, it was his duty to show it. If the possession of the house was in question in this action, then the doctrine which is laid down in some cases, that a judgment is conclusive as to every matter directly at issue by the pleadings which the defeated party might have litigated, might be applied. But here there is an entirely different cause of action, and the real question is as to what facts, by way of evidence, the judgment should be deemed conclusive.

In *Zoeller* v. *Riley* (100 N. Y., 102) it was held that the burden of proof is upon the party claiming an estoppel by a former judgment to show clearly that the fact in issue was determined in the former action. (See, also, *Shaw* v. *Broadbent*, 41 N. Y. St. Rep., 503.) In *People ex rel. Bridgeman* v. *Hall* (104 N. Y., 171) it is said that a judgment is not an estoppel as to any fact not expressly decided, and as to which contradictory inferences may be drawn from different provisions in the judgment.

The issue before the magistrate was, whether there was any rent due. The judgment may or may not have involved the question whether there was a breach of defendant's contract. The court below held, in effect, that it necessarily involved that question, and was, therefore, conclusive. In this, we think, the court erred.

It follows that the judgment must be reversed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment and order reversed upon the exceptions and new trial ordered, costs to abide the event.