DETERMINED IN THE

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## February, 1895.

ELIZABETH WILCOX, as Administratrix with the Will Annexed of WILLIAM GILCHRIST, Deceased, Appellant, *v.* HARRIET E. GILCHRIST, as Executrix, etc., of TRUMAN C. GILCHRIST, Deceased, Respondent.

*Trust — intention and beneficiary essential to — on the death of a trustee the trust vests in the Supreme Court — judgment against a person individually, when a bar to an action against him as surviving partner.*

It is essential, in order to constitute a valid trust, that the instrument or agreement by which the trust is sought to be created should show an intention to create a trust, and a beneficiary that is named or can be ascertained.

The absence of a definite beneficiary is, as a rule, a fatal objection to any attempt to create a valid trust.

Upon the trial of an action brought by the personal representative of a decedent it was alleged that the plaintiff's testator deposited with a firm, of which the defendant's testator was the surviving member, a sum of money in trust, to be accounted for upon the death of the wife of said donor, and the plaintiff sought to recover such amount.

*Held,* that even if a valid trust had been created, the plaintiff could not maintain the action inasmuch as under the statute (Chap. 185, Laws of 1882), upon the death of the trustee of an express trust, the trust vests, not in the personal representative of the deceased trustee, but in the Supreme Court, with all the powers and duties of the original trustee.

A former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matters actually determined, but also as to every other matter essentially connected with the subject-matter of the litigation and within the purview of the original action, either as matter of claim or defense, which the parties might have litigated and have had decided.

HUN — VOL. LXXXV.      1

A claim was filed by the personal representative of an alleged creditor against the estate of his debtor, which claim was rejected by the personal representative of the alleged debtor, and a reference was ordered·under the statute which resulted in a judgment being entered dismissing the claim in question. Subsequently an action was brought by the personal representative of the alleged creditor against the personal representative of the alleged debtor upon the same claim in question, the only difference between the former proceeding and the latter action being that it was sought in the former to charge the alleged debtor with individual liability for the claim in question, while in the latter action it was sought to charge him with liability as the surviving partner of a firm of which he was a member.

*Held,* that the issue was the same in both cases, namely, whether the alleged debtor's estate was liable by reason of his having incurred the liability as an individual or as surviving partner of a firm of which he was a member;

That this question might have been litigated and determined in the former action, and that the former judgment was a bar to the latter action.

APPEAL by the plaintiff, Elizabeth Wilcox, as administratrix with the will annexed of William Gilchrist, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 17th day of February, 1894, upon the decision of the court rendered after a trial at the Onondaga Special Term dismissing the complaint upon the merits.

It was alleged in the complaint in this action that the plaintiff was the duly appointed administratrix with the will annexed of William Gilchrist, Sr., deceased; that the defendant was the duly appointed executrix of the last will and testament of Truman C. Gilchrist, deceased; that the defendant's testator was a member of the firm of T. C. & W. Gilchrist; that that firm was engaged in the grocery business at Oswego, N. Y. ; that the partnership continued until the death of the other partner, William Gilchrist, Jr., which occurred November 8, 1888; that the defendant's testator was the sole surviving partner of that firm; that during the continuance of the partnership, and on November 22, 1880, the plaintiff's testator "placed in the hands and deposited with said firm of T. C. & W. Gilchrist the sum of $3,210.00 in trust to be accounted for at the death of the said Betsey Gilchrist, wife of said Wm. Gilchrist, Sr., deceased ; " that the plaintiff's testator died in January or February, 1882, leaving a last will and testament, whereby he appointed Betsey Gilchrist executrix thereof and left the income of his estate, real and personal, to her during her natural life ; that she died about

April 5, 1890; that no part of said sum had been paid except $250; that a demand for said money was duly made of the defendant, who refused to pay the same, and that a duly verified copy of said claim was served upon the defendant, who rejected it. The demand for judgment was that the defendant be compelled to account to the plaintiff for the sum of $3,210 and interest, to pay over the same to her, and for such other and further relief as to the court might seem just, with costs.

The defendant by her answer admitted the appointment of the parties as administratrix and executrix; that Truman C. Gilchrist was a member of the firm of T. C. & W. Gilchrist; that William Gilchrist, Jr., died as alleged in the complaint; that Truman C. Gilchrist was sole surviving partner of the firm of T. C. & W. Gilchrist; that William Gilchrist, Sr., died at the time alleged; that Betsey Gilchrist was duly appointed as executrix of his last will and testament; that the will of William Gilchrist, Sr., left the income of his estate to Betsey Gilchrist during her life; that she died about April 5, 1890; that a copy of the claim herein was served upon the defendant and that she rejected it. All the other allegations of the complaint were denied. As a second defense, the defendant alleged payment; as a third defense, set up a judgment in a former action or proceeding between the parties as a bar to this action; as a fourth defense, set up a general release by Betsey Gilchrist, as executrix of the will of William Gilchrist, Sr., to Truman C. Gilchrist, and as a fifth defense, set up a general release by Betsey Gilchrist individually to Truman C. Gilchrist.

The action was tried at a Special Term of this court held in the county of Onondaga, November 14, 1893. The course pursued on the trial was somewhat unusual, and, hence, it becomes necessary to a proper understanding of the questions involved to state the facts and proceedings had upon the trial somewhat in detail.

After the case was opened by the plaintiff a judgment roll, in an action or proceeding in which a judgment in favor of the defendant against the plaintiff had been entered and which was pleaded as a bar to this action, was offered and admitted in evidence. It was then admitted by the parties that the plaintiff in this action was the plaintiff in the former action or proceeding, and instituted it in the same capacity in which she commenced this action; that the defendant in

this action was the defendant in the former action or proceeding, and defended that proceeding in the same capacity in which she was sued and was then defending in the action at bar. The parties further admitted that the same money and the proceeds of the same check which were the subject of the first proceeding were also the subject of the present action; that the Betsey Gilchrist mentioned in the judgment roll in the former action or proceeding was the same Betsey Gilchrist mentioned in the complaint in this action, and that the will of William Gilchrist, Sr., mentioned in such judgment roll, was the same will of the same William Gilchrist mentioned in the pleadings in this action.

After these admissions were made the plaintiff called William Hancock as a witness, who testified that he knew William Gilchrist, Jr., and Truman C. Gilchrist, who were partners doing business as grocers in Oswego, N. Y.; that they were the sons of William Gilchrist, Sr., and that he also knew William Gilchrist, Sr.; that he was in the employ of the firm as their bookkeeper, and to a certain extent had charge of their financial matters. He was then shown the check of Beulah Hibbard for $3,210, which was the basis of the plaintiff's claim, and testified that he could not identify it, or say that he had ever seen it before. The plaintiff then offered to prove the facts alleged in the complaint herein. The evidence was objected to and the court excluded it. The witness then testified that he received a check; did not recollect whose it was, or the form of it; did not know that he received it for the firm; should judge that he did not, from what occurred afterward; that it was given to him by Truman C. Gilchrist, and that he thought it was for about $3,000; that he deposited the check he received from Truman C. Gilchrist in the First National Bank, but could not identify the check presented as the check received and deposited. The parties then admitted that Beulah Hibbard put a check into a letter and mailed it to Oswego to T. C. &. W. Gilchrist, and that she paid the money on the check. The check was payable to bearer, was unindorsed and as follows:

"$3,210.                    FAYETTEVILLE, N. Y., *Nov.* 22, 1880.

"The Farmer's Bank, pay to T. C. & W. Gilchrist, or bearer, thirty-two hundred ten dollars.

"BEULAH HIBBARD."

At the left, upon the face of the check, appeared the bank stamp, apparently dated November 24, 1880 ; at the right, upon the face, appeared the bank stamp, November 22, 1880. The check was canceled by being cut or punctured.

About one year before the commencement of this action the plaintiff presented to the defendant a claim against the estate of Truman C. Gilchrist, which was as follows :

" Harriet E. Gilchrist, executrix of the estate of Truman C. Gilchrist, deceased, to Elizabeth Wilcox, administratrix with the will annexed of the estate of Wm. Gilchrist, deceased, Dr.

| | |
|---|---:|
| " To cash................................... | $3,000 00 |
| " To int. on $3,000.00 from January 1st, 1880, to January 1st, 1892........................... | 2,160 00 |
| | " $5,160 00 " |

This claim was verified by the plaintiff January 12, 1892. The defendant, doubting the justice of the claim, rejected it. Thereupon the parties duly entered into an agreement to refer the claim to S. C. Huntington, Jr., as a referee to hear and determine it. This agreement was approved by the surrogate of Oswego county April 27, 1892, and on the following day an order was duly entered appointing Huntington a referee to hear and determine the matter in controversy between the parties.

It was subsequently tried before the referee, and, after hearing the evidence and the counsel for the respective parties, he duly made and filed his report, whereby he in substance found as matters of fact that the plaintiff's testator on October 16, 1871, duly made and executed his will by which he gave the use of all his property to his wife, Betsey Gilchrist, for life, and after her death to his five children, and appointed his wife and Franklin Hibbard executrix and executor thereof; that he died in or about February, 1882; that his will was duly admitted to probate, and letters testamentary duly issued thereon to Betsey Gilchrist February 13, 1882, who from that day to the day of her death, April 5, 1890, was the sole executrix and representative of the estate of William Gilchrist, Sr., deceased ; that Truman C. Gilchrist died August 24, 1891, leaving a last will and testament, which was duly admitted to probate and letters testamentary issued thereon to the defendant herein before

January 14, 1892; that Truman C. Gilchrist and William Gilchrist, Jr., were co-partners engaged in business at Oswego, N. Y., under the firm name of T. C. & W. Gilchrist from January 1, 1873, to November 8, 1888, when William Gilchrist, Jr., died; that before November 22, 1879, Franklin Hibbard died intestate, and Beulah Hibbard, his sister, having been appointed administratrix of his estate, gave to William Gilchrist, Sr., her note for $3,000 in settlement of a claim William Gilchrist, Sr., had against Franklin Hibbard; that on November 22, 1880, by direction of William Gilchrist, Sr., Beulah Hibbard sent her check for $3,210, the amount of such note, to T. C. & W. Gilchrist; that they received thereon said sum, and $3,000 thereof was by Truman C. Gilchrist's direction credited on the books of said firm to William Gilchrist, Sr., in an open account for that purpose, and charged to Truman C. Gilchrist in a special account and deposited in an Oswego bank to the credit of Truman C. Gilchrist; that said sum of $3,210 was so sent by direction of William Gilchrist, Sr., and was received by T. C. & W. Gilchrist under an agreement theretofore existing between them that said firm should retain $3,000 of said sum as a deposit and not as a loan, and thereafter pay or account for the same under the terms of said agreement; that Truman C. Gilchrist never agreed to receive and did not receive said $3,000 from the plaintiff's testator, and did not agree to pay and did not pay said sum or any part thereof, or interest thereon, as an individual or otherwise than as a member of said partnership for said firm; that it was not proved that the plaintiff's testator ever loaned $3,000 or any other sum to Truman C. Gilchrist individually; that it was not proved that the plaintiff's testator ever deposited $3,000 or any other sum with Truman C. Gilchrist individually; that it was not proved that the plaintiff's testator ever intrusted to Truman C. Gilchrist $3,000 as agent or trustee; that in the years 1886 and 1887 said partnership drew and sent at least ten checks of twenty-five dollars each to Beulah Hibbard, who received the same and delivered them, or cash obtained thereon, to Betsey Gilchrist, and, as far as appeared from the evidence, as part payment on account of said $3,000 and interest; that on December 3, 1888, Harriet C. Gilchrist, as administratrix, etc., of William Gilchrist, Jr., commenced an action in the Supreme Court against said Truman C. Gilchrist for an accounting of the matters

of said firm of T. C. & W. Gilchrist; that on the 18th of April, 1889, the said Betsey Gilchrist signed, acknowledged and delivered to Truman C. Gilchrist two sealed instruments in writing, the first of which was a general release by her as sole acting administratrix of the last will and testament of William Gilchrist, Sr., to Truman C. Gilchrist, whereby she released all manner of actions, causes of actions, debts, etc., against him, which she then had as such administratrix, or which she or her heirs, executors or administrators and successors, or said estate, might have by reason of any matter or thing whatsoever, from the beginning of the world to the day of the date of those presents, the second was a general release in substantially the same form as the other, except that it was given by Betsey Gilchrist individually and not as the representative of her husband's estate; that each of said releases was executed without any fraud or undue influence, and with a full knowledge on the part of Betsey Gilchrist that she thereby released all claims that she and the estate of her said husband had to the said $3,000 and interest, or so much thereof, if any, as was unpaid thereon under any agreement made between her husband and Truman C. Gilchrist as an individual; that on August 4, 1890, letters of administration with the will annexed of William Gilchrist, Sr., *de bonis non*, were duly issued to the plaintiff, and she has ever since been and acted as such administratrix; that it was not proven that any demand had been made on the defendant's testator or the defendant for the amount of said deposit, or any portion thereof, or the interest thereon, that had not been paid; that on the 14th day of January, 1892, the plaintiff duly presented to the defendant the claim hereinbefore set forth; that the defendant rejected said claim January 15, 1892; that the agreement to refer was made April 26, 1892, and that the order of reference was granted April 28, 1892.

The referee also found : " That both parties have tried this proceeding before me on the theory that the claim was only on a liability incurred to the plaintiff's testator by Truman C. Gilchrist individually, and not by the firm of T. C. & W. Gilchrist; that the death of William Gilchrist, Jr., was not proved as a part of plaintiff's case, and that plaintiff has not requested me to find that any cause of action ever existed against said firm of T. C. & W. Gilchrist, or against said Truman C. Gilchrist as surviving partner."

As matters of law the referee held :

"*First.* That on or about November 23, 1880, the firm of T. C. & W. Gilchrist became liable thereafter to pay or account for said $3,000.00 as a deposit.

"*Second.* That Truman C. Gilchrist, individually, or otherwise than as a member of said firm, never became indebted or liable to pay or account for said $3,000.00 to plaintiff's testator, his representatives or assigns, or any part thereof, or any interest thereon.

"*Third.* That the plaintiff in this proceeding is not entitled to recover on said or any claim that existed or accrued against said partnership, or against said Truman C. Gilchrist as surviving partner.

"*Fourth.* That except as to creditors of said William Gilchrist, Sr., the release executed by Betsey Gilchrist as administratrix was a valid release and bar to all right of the said Betsey Gilchrist and of plaintiff to recover said $3,000 or interest thereon from Truman C. Gilchrist, or his estate, arising out of any obligation or liability of the said Truman C. Gilchrist, individually, to pay or account therefor.

"*Fifth.* That except as against creditors of the said Betsey Gilchrist the release executed by said Betsey Gilchrist individually, April 18, 1889, was and is a valid release and bar to a recovery of said $3,000.00 or interest thereon, or any part thereof, from Truman C. Gilchrist, or his estate, arising out of any obligation of the said Truman C. Gilchrist, individually, to pay or account therefor to the said Betsey Gilchrist individually.

"*Sixth.* That the plaintiff is not entitled to recover anything of the defendant in this proceeding, and the defendant is entitled to judgment accordingly."

Upon reading and filing the report of the referee, an order was duly entered at a Special Term of this court, held in the city of Syracuse on the 15th day of November, 1892, by which it was ordered that said report be and the same was confirmed, and judgment thereon was directed in favor of the defendant therein against the plaintiff, that the plaintiff was not entitled to recover anything of the defendant in that proceeding, and that said defendant have judgment against the plaintiff, dismissing the plaintiff's claim therein and have costs and disbursements as in an action.

In pursuance of that order a judgment was duly entered Decem-

ber 19, 1892, whereby it was ordered, adjudged and decreed that
the report of said referee be and the same was confirmed; that the
plaintiff was not entitled to recover anything of the defendant in
that proceeding; that the plaintiff's said claim be and the same was
thereby dismissed upon the merits, and that the defendant recover
of the plaintiff the sum of $213.12 for her costs therein, to be
levied and collected of the goods, chattels and credits of William
Gilchrist, deceased, in the hands of the plaintiff as administratrix
with the will annexed.

After the admission in evidence of the judgment roll in the former
proceeding, and after the evidence and admissions hereinbefore
referred to had been made and admitted, the plaintiff rested.   There-
upon the defendant moved for a nonsuit and a dismissal of the plain-
tiff's complaint upon the following grounds:

"*First.* Upon the ground that the statute, chapter 185 of the
Laws of 1882, precludes the possibility of this action being main-
tained either by this plaintiff or against this defendant for the alleged
cause of action set up in the complaint, it being based upon the
theory of a trust, and the complaint charging that it is based upon a
trust.

"*Second.* Upon the ground that the matter involved in the action
is *res judicata*, as shown by the judgment roll in the prior action or
proceeding between the same parties.

"*Third.* Upon the ground that the release, which is shown by
the judgment roll in the prior action or proceeding to have been
executed and delivered by Betsey Gilchrist, as executrix of the will
of William Gilchrist, to Truman C. Gilchrist, after the death of
William Gilchrist, Jr., removed all basis for the claim made here."

This motion seems to have been granted and the plaintiff duly
excepted.   Thereupon the court made and filed findings of fact and
conclusions of law.   The findings of fact were in substance that the
plaintiff was the duly appointed administratrix with the will
annexed of the estate of William Gilchrist, deceased; that the
defendant was the duly appointed executrix of the last will and tes-
tament of Truman C. Gilchrist, deceased; that Truman C. Gilchrist
and William Gilchrist, Jr., were partners, doing business as grocers
at Oswego, N. Y., under the firm name and style of T. C. & W.

Gilchrist, for several years prior to, and until November 8, 1888, when said firm was dissolved by the death of William Gilchrist, Jr., leaving Truman C. Gilchrist surviving him; that Beulah Hibbard mailed to T. C. & W. Gilchrist the bank check hereinbefore set forth, which check and amount thereof were duly paid; that the check as put in evidence was unindorsed but canceled; that the proceeds of the check and the amount thereof paid were the same moneys mentioned in the complaint herein and for which recovery is herein sought, and also the same moneys which were sought to be recovered in a former proceeding in this court between the same parties in which judgment was entered in this court December 19, 1892.

The court also found that a former proceeding was instituted in this court to enforce the claim made by the plaintiff herein, wherein the parties were the same as in this action; that it was instituted under the statute, referred to S. C. Huntington, who reported thereon in favor of the defendant; that a final judgment was duly entered therein in pursuance thereof against the plaintiff, and in favor of the defendant, December 19, 1892, whereby it was duly adjudged that the plaintiff was not entitled to recover of the defendant, and that this action was brought to recover the same moneys and indebtedness which the proceeding, in which judgment was entered December 19, 1892, was instituted and prosecuted to recover.

As conclusions of law the court held:

"*First.* The above-named plaintiff cannot maintain this action against the defendant above named, on the ground that a trust was created as alleged in complaint herein, nor recover judgment herein on such ground.

"*Second.* The complaint herein would allow the plaintiff to sustain by proof of appropriate facts a claim that the defendant is indebted to the plaintiff for the money and amount mentioned in said complaint.

"*Third.* The judgment mentioned in the finding of facts * * * entered in the Oswego County Clerk's office in Oswego County on December 19th, 1892, * * * is a final determination upon the claim of said plaintiff herein to recover of said defendant herein, and the estate by her represented as such executrix as aforesaid, the moneys mentioned in the complaint herein, on the ground

that said defendant, as executrix of said will of Truman C. Gilchrist, deceased, or the estate of said Truman C. Gilchrist, deceased, is indebted to said plaintiff as administratrix with said will annexed of the estate of said William Gilchrist, deceased, therefore, said claim is made *res judicata* by said judgment, and said judgment is a bar to action thereon and therefor.

"*Fourth.* The defendant above named, Harriet E. Gilchrist, as executrix of the will of Truman C. Gilchrist, deceased, is entitled to judgment herein against the above-named plaintiff, Elizabeth Wilcox, as administratrix with the will annexed of the estate of William Gilchrist, deceased, dismissing the complaint herein upon the merits, and for the costs and disbursements of this action."

Judgment was directed for the defendant. The plaintiff excepted to the fourth, fifth and sixth findings of fact, and to the first, third and fourth conclusions of law. Afterwards, and on February 17, 1894, a judgment was entered in accordance with such decision, dismissing the plaintiff's complaint upon the merits, with costs. From this judgment the plaintiff appealed.

*F. D. Gardner* and *Homer Weston*, for the appellant.

*W. H. Kenyon*, for the respondent.

MARTIN, J.:

It becomes obvious from a review of the proceedings in this action that the Special Term awarded the judgment herein upon the grounds that the plaintiff could not maintain this action on the theory that a trust was created by a delivery to T. C. & W. Gilchrist of the check in question, and the agreement under which it was delivered, and that the judgment entered in the proceeding between the parties under the statute relating to claims against the estate of deceased persons was a bar to this action, so far as it was based upon the claim that the estate represented by the defendant was indebted to her or the estate she represented for the money received by the defendant's testator or by the firm of which he was the surviving partner. It follows, therefore, that the judgment should be reversed, unless it can be sustained upon those grounds.

Thus, we are led first to the consideration of the question whether this action can be maintained on the ground that the money in ques-

tion was placed in the hands of the firm of T. C. & W. Gilchrist by William Gilchrist, Sr., in trust, to be accounted for at the death of Betsey Gilchrist. It is essential, to constitute a valid trust, that the instrument or agreement by which it is sought to be created should show a sufficient intention to create a trust, and a beneficiary that is named or can be ascertained. (4 Kent's Com. [11th ed.] 305, n. 2.) This doctrine seems to be recognized if not affirmed in *Gilman* v. *McArdle* (99 N. Y. 458). In *Holland* v. *Alcock* (108 N. Y. 312, 318) RAPALLO, J., said: "The absence of a defined beneficiary is, as a general rule, a fatal objection to any attempt to create a valid trust. It is said by WRIGHT, J., in *Levy* v. *Levy* (33 N. Y. 107), that 'if there is a single postulate of the common law established by an unbroken line of decision it is that a trust without a certain beneficiary, who can claim its enforcement, is void, whether good or bad, wise or unwise.'" The same doctrine was held in *Fosdick* v. *Town of Hempstead* (125 N. Y. 581, 591), where the *Holland* case was cited, and PECKHAM, J., said that the opinion of RAPALLO, J., in that case left nothing to be added on that subject, and that "that case leaves the doctrine no longer in doubt that to constitute a valid trust there must be a defined beneficiary, and the absence of such is, as a general rule, fatal to the validity of a testamentary trust." (See, also, *Tilden* v. *Green*, 130 N. Y. 29.) Hence, it would seem that the allegations of the complaint were insufficient to sustain a recovery upon the theory of a trust.

Moreover, if, as claimed by the plaintiff, there was an express trust created by the deposit of the check in question, or the money received thereon, it would not descend to the next of kin or personal representative of the trustee, but upon his death would vest in the Supreme Court under chapter 185 of the Laws of 1882, which provides: "Upon the death of a surviving trustee of an express trust, the trust estate shall not descend to his next of kin or personal representatives, but the trust, if unexecuted, shall vest in the Supreme Court, with all the powers and duties of the original trustee, and shall be executed by some person appointed for that purpose under the direction of the court. But no person shall be appointed to execute said trust until the beneficiary thereof shall have been brought into court by such notice and in such manner as the court may direct." It follows, we think, that if a valid trust had been created

under this statute the trust estate would not descend to or vest in the plaintiff, but would vest in the Supreme Court; that a new trustee should have been appointed who alone could have maintained an action (*Matter of Petition of Waring*, 99 N. Y. 114; *Matter of Carpenter*, 131 id. 86), and that the Special Term correctly held that the plaintiff could not maintain this action on the ground that a trust was created.

This brings us to an examination of the question whether the proceedings instituted under the statute by the plaintiff against the defendant for the enforcement of the claim made therein were a bar to this action, if regarded as an action to recover the moneys in question, independent of the claim that they were delivered to the firm of T. C. & W. Gilchrist in trust.

The proceeding which resulted in the judgment which the court held was a bar to this action was instituted under and in pursuance of the provisions of sections 35, 36 and 37 of article 2, title 3, chapter 6, part 2 of the Revised Statutes. It is provided by section 37 that where the justice of a claim presented is doubted and a reference is had, the judgment of the court upon the confirmation of the report of a referee therein shall be valid and effectual in all respects as if the same had been rendered in a suit commenced by the ordinary process. Therefore, under the provisions of the statute, the former judgment between these parties had the same binding effect and is to be treated in all essential respects the same as though it had been entered in an ordinary action. The parties to the former action or proceeding were the same as in the case at bar. It was instituted to recover the same moneys which were sought to be recovered in this action. The only pretended difference between the former proceeding and this action is that the original action or proceeding was sought to be maintained and the debt in question recovered upon proof that the defendant's testator was individually liable therefor by reason of his having received the money in question, while this action is sought to be maintained upon proof that he was liable as surviving partner of the firm of T. C. & W. Gilchrist. As we have seen, the report of the referee, which is a part of the judgment roll in the former proceeding, discloses that it was tried upon the theory that the claim there sought to be recovered was a liability incurred to the plaintiff's testator by Truman C. Gil-

christ individually, and not by the firm of which he was a member. From this finding of the referee it must, I think, be assumed that upon the former trial the plaintiff did not in fact attempt to prove any liability against the defendant upon the ground that her testator was the surviving partner of the firm of T. C. & W. Gilchrist, and, as such, liable for the debt in question. That upon such trial the plaintiff might have proved a cause of action against the defendant upon the theory of her testator's liability as surviving partner, there can, I think, be no doubt. In *Nehrboss* v. *Bliss* (88 N. Y. 600, 604), where the question of the rights of a surviving partner were discussed, it was in effect said that upon the death of a partner the legal right under the firm contracts or causes of action and the sole right to collect the partnership debts remained in the survivor (Viner's Abr., Partners, D ; 1 Lindley on Part. 505 ; *Voorhis* v. *Child's Exr.*, 17 N. Y. 354), and vested so effectually that upon his death it would have devolved upon his personal representative, who alone could sue upon it (1 Williams on Exrs. 1585 ; *Copes* v. *Fultz*, 1 Sm. & Mar. 623) ; that in such a case the right of action would so completely vest in the survivor that a demand against him in his own right might have been set off in diminution of his claim as surviving partner (*Slipper* v. *Stidstone*, 5 T. R. 493) ; that a debt due from the plaintiff, as surviving partner, to the defendant might be set off against a debt due from the defendant to the plaintiff in his own right (*French* v. *Andrade*, 6 T. R. 582) ; that as surviving partner he might join in one action a count for a debt due him in his own right and one due him as survivor (*Adams* v. *Hackett*, 27 N. H. 289), and that a plaintiff in an action charging him in his own right might recover a demand due from him individually and another due from him as surviving partner. (*Richards* v. *Heather*, 1 B. & Ald. 29.) In the *Richards* case it was expressly held by the Court of King's Bench that "Under a declaration containing only one set of counts, charging the defendant in his own right, the plaintiff may recover one demand due from the defendant individually, and another due from him as surviving partner." In *Ferris* v. *Burrows* (34 Hun, 104) it was held that upon the judicial settlement of his accounts an executor was entitled to set off against a legacy a debt due to the testator from a firm of which the legatee was, at the time of the

death of the testator, the sole surviving partner. This case was affirmed (99 N. Y. 616). In *Miller* v. *Receiver of the Franklin Bank* (1 Paige, 444) Chancellor WALWORTH said : "Thus, a surviving partner is, in equity, only a trustee for himself and the representatives of the deceased partner. Yet he may sue or be sued in his own name, and debts due to or from him in his own right may be offset against debts due to or from him as surviving partner." In *Goelet* v. *McKinstry* (1 Johns. Cas. 405) it was held that if one of two partners in trade purchase goods for both, and one of them dies, an action of *indebitatus assumpsit* may be brought against the survivor, without taking notice of the partnership or the death of one and the survivorship of the other. In *Hyat* v. *Hare* (Comberbach, 383) HOLT, Ch. J., said : "If there be two partners in trade, and one of them buy goods for them both, and the other dieth, the survivor may be charged by *indebitatus assumpsit* generally, without taking notice of the partnership, or that the other is dead and he survived."

The doctrine of these authorities renders it obvious that the plaintiff could have proved on the former trial a cause of action and recovered in that proceeding against the defendant, as the representative of the surviving partner of the firm of T. C. & W. Gilchrist, under her claim as presented, unless it had been paid or released. Thus the precise question to be determined is whether, as the right of recovery now insisted upon by the plaintiff could have been litigated and determined upon the former trial, the judgment in that case was a bar to a second action.

The rule seems to be well settled in this State that a former judgment of a court of competent jurisdiction is final and conclusive between the parties, not only as to the matters actually determined, but also as to every other matter which the parties might have litigated and had decided essentially connected with the subject-matter of the litigation within the purview of the original action either as matter of claim or defense. (*Embury* v. *Conner*, 3 N. Y. 511, 522 ; *Doty* v. *Brown*, 4 id. 71 ; *Clemens* v. *Clemens*, 37 id. 59, 74 ; *Dunham* v. *Bower*, 77 id. 76, 79 ; *Smith* v. *Smith*, 79 id. 634 ; *Jordan* v. *Van Epps*, 85 id. 427, 436 ; *Patrick* v. *Shaffer*, 94 id. 423, 430 ; *Pray* v. *Hegeman*, 98 id. 351, 358 ; *Griffin* v. *Long Island R. R. Co.*, 102 id. 449, 452 ; *Goebel* v. *Iffla*, 111 id. 170,

177; *Campbell Printing Press & M. Co.* v. *Walker,* 114 id. 7, 12; *Lorillard* v. *Clyde,* 122 id. 41, 47.)

In the *Embury* case JEWETT, J., said : " That the judgment or decree of a court possessing competent jurisdiction is, as a general rule, final not only as to the subject-matter thereby actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided, can admit of no doubt. The general rule is, that an allegation on record, upon which issue has been once taken and found, and a judgment has been rendered, is, between the parties taking it and their privies, conclusive, according to the finding thereof, so as to estop the parties respectively from again litigating that fact once so tried and found, whether it is plead in bar or given in evidence."

In the *Clemens* case the court cited and approved of the rule laid down by Judge HOGEBOOM in *Harris* v. *Harris* (36 Barb. 88), which was : " The general rule on this subject is well known to be that a former judgment of the same court, or of a court of competent jurisdiction, directly upon the point in issue, is, as a plea in bar or as evidence, conclusive between the same parties, or others claiming under them, upon the same matter directly in question in a subsequent action or proceeding. Such judgment or adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have been litigating and have had decided as incident to or essentially connected with the subject-matter of the litigation and every matter coming within the legitimate purview of the original action both in respect to matters of claim and of defense."

In the *Dunham* case it was held that a judgment in favor of a carrier, in an action by him to recover freight, was a bar to an action by the owner of the goods shipped to recover damages for the destruction of the property caused by a failure on the part of the carrier to perform his contract of transportation.

In the *Smith* case it was held that an estoppel by judgment in a former action arises when the same matter was at issue therein, and was either litigated by the parties and determined, or might have been litigated and a decision had upon it, and that it was not necessary that it should appear by the record of the prior suit that the particular controversy sought to be precluded was then necessarily

tried and determined, but it was sufficient if there might have been judgment in the first action for the same cause alleged in the second.

In *Jordan* v. *Van Epps*, which was an action by the plaintiff for dower in certain land, and there had been a former action of partition to which she was made a party, and in the complaint in which action it was alleged that she claimed an inchoate right of dower in the premises, wherein she did not appear and the final judgment made no provision for dower, it was held that the judgment in the partition suit was a bar; that she should have presented her claim in some form in that action, and, having failed to do so, could not in another action claim that she was unlawfully deprived of her dower rights.

In *Pray* v. *Hegeman* it was held that it was not necessary to the conclusiveness of a former judgment that issue should have been taken upon the precise point controverted in the second action; that subordinate rights or questions which are branches of a larger right or question put in issue, and which under the pleadings in a former action might have been decided and as to which relief might have been granted, although the principal or main relief was denied, are conclusively determined by a judgment therein upon the merits denying all relief.

In the *Lorillard* case it was held that a judgment rendered on the merits is co-extensive with the issues upon which it is founded, and is conclusive between the parties thereto, not only as to the matters actually proved and submitted for decision, but also as to every other matter directly at issue by the pleadings which the defeated party might have litigated, and that testimony is incompetent which merely tends to show that a party omitted to produce upon the former trial all the evidence that was admissible in his behalf.

The appellant, however, has called our attention to the case of *Rose* v. *Hawley* (141 N. Y. 366) as an authority for the proposition that "To constitute a bar the (plaintiff's) claim should have been presented to defendant as the representative of the survivor of the firm." In the case cited it was held that where a cause of action was imperfect when the action was brought, a judgment therein was not a bar to a subsequent action. While the doctrine of that case must be recognized as correct, it has no application here.

He also cites the cases of *House* v. *Lockwood* (137 N. Y. 259)

and *Belden* v. *The State* (103 id. 1) as sustaining the doctrine that " A judgment does not operate as an estoppel between the same parties, except where the facts litigated and decided have such relation to the issue that their determination was necessary to the determination of that issue. That is, facts may be used to establish another issue without destroying the right of action thereon." Those cases hold that " A judgment does not operate as an estoppel in a subsequent action between the parties as to immaterial or unessential facts, even though put in issue by the pleadings and directly decided. But it is final as to every fact litigated and decided therein, having such a relation to the issue that its determination was necessary to the determination of the issue. Whenever the same question arises between the parties, in whatever form of action, and whether involved directly or collaterally, they are forever precluded from averring and proving the fact to be otherwise." Assuming, as we do, the correctness of the principle decided by the cases cited, we think it does not affect this case, as no such question is here involved. The issue in the first case, as well as in this, was whether the defendant, as the personal representative of Truman C. Gilchrist, was indebted to the plaintiff, or the estate represented by her, for the money in question. If the defendant was liable as the representative of Truman C. Gilchrist, it was only because he was individually liable for the debt in suit. The issue was the same in both cases, and if the estate represented by the defendant was liable, either by reason of her testator's having received the money as an individual, or by reason of his having become individually liable as the surviving partner of the firm of which he was a member, neither of those facts, if it existed, can be said to be immaterial or unessential. If either existed, proof of it was necessary to a determination of the issue between the parties. At most, the case here presented is one where the proof existed by which it is claimed that the debt against the defendant could be established, but the plaintiff failed to introduce it on the former trial.

Again, the appellant cites the case of *Collins* v. *Hydorn* (135 N. Y. 320) as sustaining the principle that " While the admissions show the persons to be the same, the first claim was litigated as a personal one in the proceedings, and the referee was not asked to pass upon the claim as against the co-partnership. Here the claim

was charged as a firm liability, and the defendant is sought to be charged as the representative of the survivor of the firm." The case cited holds that a former judgment concludes a party only in the character in which he is sued. That the parties to this action sued and were sued in the same capacity as they appeared in the former proceeding is undisputed. Hence, it is difficult to perceive how the doctrine of the case is applicable.

The appellant likewise refers to the cases of *Dickinson* v. *Price* (45 N. Y. St. Repr. 159; S. C., 64 Hun, 149); *Zoeller* v. *Riley* (100 N. Y. 102), and *Lewis* v. *O. N. & P. Co.* (125 id. 341) as sustaining his claim that the former judgment was not a bar to this action. In the *Dickinson* case, which was an action brought to recover damages for the alleged illegal discharge of the plaintiff by the defendant, his employer, it appeared that as an inducement to the plaintiff to enter his service for a period of one year, the defendant agreed to let him have a certain house at seven dollars a month. After his discharge the plaintiff continued to occupy the house until about two months later the defendant began summary proceedings against the plaintiff, who put in an answer denying any indebtedness for rent, setting up the contract for services, and that under it he was to have the house for a year at seven dollars a month; that the contract had not expired; that he had been improperly discharged, and that the defendant had agreed to take his rent from the plaintiff's earnings, which were payable weekly. On the trial of the summary proceedings the plaintiff did not appear, and the defendant took judgment by default for one month's rent. An action was subsequently brought to recover damages for the discharge of the plaintiff, when the judgment entered in the summary proceedings was admitted in evidence, and held to be a bar to the action. Upon an appeal to this court, it was held that that was error; that the judgment by default in summary proceedings was conclusive only as to those allegations which the petition therein stated as grounds for a recovery under the statute; that the affirmative allegations of the plaintiff in the answer to the petition did not widen the issue; that if the fact established by the judgment that some rent was due was to be taken to prove, inferentially, that the defendant had not broken the contract, and that, therefore, he had not discharged the plaintiff improperly, the burden was upon the defendant to show affirmatively that

the judgment went upon that ground, and not simply on the ground that the contract did not apply to the rent; and that, as the present action and the summary proceedings were entirely different causes of action, one claiming an estoppel by the former judgment must show that the issuable fact was determined in the summary proceedings.

In the *Zoeller* case, which was an action against the sheriff to recover for the conversion of a carriage taken by him under an execution, it was held that a judgment in an action brought for a conspiracy to defeat the collection of certain judgments held by other parties, to which action the plaintiff was not a party, was not a bar to the plaintiff's action, and that before it could affect the plaintiff's recovery, it must at least have been shown that there was an adjudication in the conspiracy action condemning the plaintiff's mortgage, and that the burden of establishing that fact was upon the defendant. It was also held that, as neither the plaintiff nor his assignor were made parties to the action, they were not bound by the adjudication therein.

In the *Lewis* case it was said : " Where a judgment may have proceeded upon either or any of two or more different and distinct facts, the party desiring to avail himself of the judgment as conclusive evidence upon some particular fact, must show affirmatively that it went upon that fact, or else the question is open for a new contention."

I am unable to see how the doctrine of any of the cases cited is applicable to the question under consideration. The only issue between the parties, either in the case tried before the referee, or in the case at bar, was whether the defendant, as the legal representative of her testator, was liable to the plaintiff, or the estate she represented, for the debt in question. The principal and the only fact at issue between the parties was whether the defendant's testator was individually liable to the plaintiff for the amount of such debt. Whether such indebtedness arose from the defendant's testator having received the money personally, or whether he became personally liable to repay it as surviving partner, the liability was the same, and whether it arose in the one way or the other was only an incident relating to the manner of proving the principal fact.

In the cases cited by the appellant, the causes of action in the former and subsequent suits were different, and the facts as to

which it was held that the former judgments were not estoppels, were immaterial and unessential to establish the cause of action in suit. Here, the cause of action sought to be enforced in the former proceeding and that upon which the plaintiff seeks to recover in this action were the same. In discussing the question when the cause of action is the same in two cases, ALLEN, J., in *Stowell* v. *Chamberlain* (60 N. Y. 272, 276), said : "The rule is that the judgment of a court of competent jurisdiction directly upon the point is as a plea, a bar, and as evidence conclusive between the same parties upon the same matter directly in question in another action or court. A matter or cause of action is *res judicata* when it is actually merged in a judgment, or the same point has already been decided between the same parties; and if, by law, a judgment could have been given for the plaintiff in a former suit, for precisely the same cause of action as that for which the present suit is brought, it has, within the rule, passed into judgment, and is *res judicata*. But in order to bar the second action the circumstances must be such that the plaintiff might have recovered in the first for the same cause alleged in the second. The question is whether the same evidence will maintain both actions. If the evidence which will sustain the second would have authorized a recovery in the first, under the allegations of the complaint, the first judgment is an absolute bar to the second." In *Bell* v. *Merrifield* (109 N. Y. 202, 209) the doctrine of the *Stowell* case is approved. In *Miller* v. *Manice* (6 Hill, 121) WALWORTH, Chancellor, said : "The question whether a verdict and judgment for the defendant in a former action is a bar to a second suit for the same cause or matter, does not depend upon the fact that the proof in the former suit was sufficient to sustain that action. For where the same matter was in issue and submitted to the jury in the former suit without sufficient proof, the decision of the jury upon the matter in issue, and thus submitted to them, followed by the judgment of the court upon their verdict, will be a bar to another action for the same cause or matter, where the same evidence which is necessary to sustain the second suit, if it had been given in the former action, would have authorized a recovery therein."

While from the referee's report it may seem that he was of the opinion that the plaintiff could not recover in that proceeding

against the defendant as the representative of the surviving partner, yet the quotation from his opinion contained in the respondent's brief, if correct, shows that he entertained the opposite opinion, and that the plaintiff's failure to present the proof was not in any way induced by the action of the referee. If, however, it were otherwise, and the referee had erroneously held that she could not recover upon such proof, or that it was inadmissible, her remedy was by appeal and not by bringing a new action.

The weight of authority seems to be adverse to the plaintiff's claim that the former judgment was not a bar to this action. As already suggested, the principal fact in issue between the parties in the proceedings under the statute was whether the defendant, as the personal representative of the estate of Truman C. Gilchrist, was liable to the plaintiff for the claim presented by her. The claim presented was for $3,000 and interest against the defendant without any specification or suggestion as to whether the liability sought to be enforced was based upon the claim that the defendant's testator had the money in question personally, or that it was not based upon the claim that he was liable therefor as surviving partner of the firm of which he was a member. If the defendant was liable, it was because her testator had either had the money sought to be recovered, or because it had been had by the firm of which he was a member, and the surviving partner. Under these circumstances, the plaintiff upon introducing the proper proof might have recovered against the defendant upon the ground that, as such surviving partner, her testator was liable for the money in question, as well as if she had been able to prove that the money was originally deposited with him. It was a matter of proof only. The plaintiff in that proceeding might have produced the evidence upon which she now claims the right to recover. It was as admissible there as it would have been in this action if no former proceeding had been had. The liability in either case was one that could have been enforced against the defendant's testator as an individual, and it is only upon the ground that, as surviving partner, he was individually liable that this action could be maintained against the defendant if there was no former judgment between the parties. That this matter might have been litigated and determined in the former proceeding is manifest, and the fact that the plaintiff omitted

to produce upon the former trial all the evidence that was admissible in her behalf does not entitle her to retry the question of the defendant's liability.

Having considered all the authorities to which our attention has been called, and without attempting to explain or harmonize all that may have been said by judges and text writers upon the question of estoppel by judgment, we are of the opinion that the rule that a former judgment is final and conclusive between the parties, not only as to the matters actually determined, but as to every other matter within the legitimate purview of the original action which might have been litigated and decided, was properly applied in this action, and that the judgment should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.