## STATE EX REL. NEWELL, RESPONDENT, v. NEWELL, APPELLANT.

[Submitted January 26, 1893. Decided September 5, 1893.]

HABEAS CORPUS—*Infants.*—It is a proper exercise of discretion on *habeas corpus* to award to a mother the custody of a child between nine and ten months old, and not of robust health, where no attempt is made to show that she is immoral or in any way unfit to care for the infant, and her parents are willing to provide for it.

HABEAS CORPUS—*Costs—Statutory construction.*—A *habeas corpus* proceeding is a special proceeding in the nature of an action, the disposition of the writ is a judgment, and the relator a plaintiff, within the meaning of section 495 of the Code of Civil Procedure, allowing costs to the plaintiff upon a judgment in his favor in special proceedings in the nature of an action.

*Appeal from Ninth Judicial District, Gallatin County.*

*Habeas corpus* by a wife to obtain possession of her infant child from her husband. Judgment was rendered for relator by ARMSTRONG, J.

*E. P. Cadwell,* for Appellant.

I. The court below erred in giving the custody of the child to its mother as against the father. (Church on Habeas Corpus, §§ 113, 438–54; *Matter of Wollstonecraft,* 4 Johns. Ch. 79; *Commonwealth* v. *Smith,* 1 Brewst. 347; *State* v. *Bratton,* 15 Am. Law Reg., N. S., 359, see note; *State* v. *Richardson,* 40 N. H. 272; *Commonwealth* v. *Briggs,* 16 Pick. 203; *Ex parte Boaz,* 31 Ala. 425; *Brinster* v. *Compton,* 68 Ala. 299; *People* v. *Olmstead,* 27 Barb. 10; *Matter of Waldron,* 13 Johns.

418; *People* v. *Mercein,* 8 Paige, 47; 3 Hill, 399; *People* v. *Chegaray,* 18 Wend. 641; 4 Am. & Eng. Ency. of Law, 314; *Brown* v. *Rainor,* 108 N. C. 204.)

II.  The court below erred in rendering judgment against appellant for costs.  (*Turnham's Executrix* v. *Shouse,* 8 Dana, 3; 33 Am. Dec. 473; *Hart* v. *Skinner,* 16 Vt. 138; 42 Am. Dec. 500; 3 Blackstone's Commentaries, 399; *In re Reilly,* 10 L. T., N. S., 853; *State* v. *Collins,* 54 Iowa, 441.)

DE WITT, J.—This appeal is from the judgment of the district court made upon the hearing of the application of Evalena Newell for a writ of *habeas corpus.*  The proceeding was brought by the relator to obtain possession of her infant child, of the age of nine months.  The respondent is relator's husband. They were living separate and apart, the wife being at the home of her parents.  The district court, by its judgment, gave the custody of the child to the mother, but with the condition that she should allow the father to visit the child twice a week.  The judgment also taxed the costs against the respondent.  Upon the hearing the court took the testimony of a number of witnesses.  It appeared that the child was between nine and ten months of age, and not in robust health. It would seem that it had been weaned, but that the mother was engaged, as she said, in the care and nursing and rearing of the infant.  Her parents, with whom she was living, were supplying the wants of the mother and child, and were able and willing to continue so to do.  There was testimony by relator and respondent as to the cause of their separation, each claiming the other to be in fault, but there was no claim made, and no attempt whatever to show, that the mother was a person of immoral character, or in any way unfit to care for the infant.

We are of opinion that the district court exercised a perfectly sound discretion in giving to the mother the custody of the child of such tender years, and so apparently in need of a mother's attention.  Indeed, there is no very serious contention by the appellant upon this part of the case.  He urges, however, that the court erred in taxing against him the costs of the proceeding.

The Code of Civil Procedure provides, in reference to costs, as follows: "Costs may be allowed, of course, to the plaintiff, upon a judgment in his favor, in the district court, in the following cases: . . . . Fourth, in special proceedings in the nature of an action." (Code Civ. Proc., § 495.) "A judgment is the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 238.) The disposition by the district court of the application for a writ of *habeas corpus* was a judgment. It was the final determination of the rights of the parties. That judgment was in favor of the relator. The question, then, is, whether this is a judgment in a special proceeding in the nature of an action. (Code Civ. Proc., § 495.) If such, it would seem that the costs should be allowed the relator. We are of opinion that the proceeding upon *habeas corpus* is in the nature of an action. There are parties to the proceeding. In practice they are not usually called "plaintiff" and "defendant," but "relator" and "respondent"; but we do not consider that this matter of the names of the parties in the title of an action is important. Anderson's Law Dictionary defines an action as follows: "The lawful demand of one's right (3 Bla. Comm. 116) in a court of justice. (*McBride's Appeal*, 72 Pa. St. 483.)" Another definition in the same dictionary is: "An action or suit is any proceeding for the purpose of obtaining such remedy as the law allows." The definition cites *Harris* v. *Phœnix Ins. Co.*, 35 Conn. 310. In that case the court, speaking of "suit" or "action," says: "But by a suit, within the meaning of this provision of the policy [of insurance], is more clearly meant any proceeding in the court for the purpose of obtaining such remedy as the law allows a party under the circumstances." Black's Law Dictionary, under the title of "Action," gives this definition: "The legal and formal demand of one's rights from another person or party, made and insisted on in a court of justice."

In the Milligan Case, 4 Wall. 112, which was a *habeas corpus* proceeding, Mr. Justice Davis, delivering the opinion of the court, said: "In any legal sense, 'action,' 'suit,' and 'cause' are convertible terms. Milligan supposed he had a right to test the validity of his trial and sentence; and the proceed-

ing which he set in operation for that purpose was his 'cause' or 'suit.' It was the only one by which he could recover his liberty. He was powerless to do more; he could neither instruct the judges, nor control their action, and should not suffer, because, without fault of his, they were unable to render a judgment. But the true meaning of the term 'suit' has been given by this court. One of the questions in *Weston* v. *City Council of Charleston*, 2 Pet. 449, was whether a writ of prohibition was a suit; and Chief Justice Marshall says: 'The term is certainly a comprehensive one, and is understood to apply to any proceeding in a court of justice by which an individual pursues that remedy which the law affords him.' Certainly, Milligan pursued the only remedy which the law afforded him. Again, in *Cohens* v. *Virginia*, 6 Wheat. 264, he says: 'In law language, a suit is the prosecution of some demand in a court of justice.' Also, 'to commence a suit is to demand something by the institution of process in a court of justice; and to prosecute the suit is to continue that demand.' When Milligan demanded his release by the proceeding relating to *habeas corpus*, he commenced a suit; and he has since prosecuted it in all the ways known to the law. One of the questions in *Holmes* v. *Jennison*, 14 Pet. 540, was whether, under the 25th section of the judiciary act, a proceeding for a writ of *habeas corpus* was a 'suit.' Chief Justice Taney held that, 'if a party is unlawfully imprisoned, the writ of *habeas corpus* is his appropriate legal remedy. It is his suit in court to recover his liberty.' There was much diversity of opinion on another ground of jurisdiction; but that, in the sense of the 25th section of the judiciary act, the proceeding by *habeas corpus* was a suit, was not controverted by any except Baldwin, Justice, and he thought that 'suit' and 'cause,' as used in the section, mean the same thing." (*Ex parte Milligan*, 4 Wall. 112, 113.)

Under these views of the word "action," and especially the opinion of the United States supreme court as to a *habeas corpus* proceeding, we are satisfied that subdivision 4 of section 495 of our Code of Civil Procedure is applicable to the inquiry in hand; that is to say, that this *habeas corpus* matter is a special proceeding in the nature of an action. It is a proceed-

ing to determine between these parties the right to the custody of their infant child. Referring to one of the definitions above cited, it is a "proceeding for the purpose of obtaining such remedy as the law allows." The result of the proceeding is the judgment which we are reviewing, and section 495 says that upon such judgment, in such special proceedings, costs shall be allowed to the plaintiff. We cannot believe that the fact that the prevailing party is called "relator" instead of "plaintiff" is of any importance. The sense of the word "plaintiff" is that the person so called is the complaining party, the party who is coming into court asking for rights which he claims. That is what the relator does in this proceeding, and we believe that the spirit and intention of section 495, when it uses the word "plaintiff," is to include such complaining and demanding party as the relator in a *habeas corpus* proceeding, even though by custom he is called by a name other than "plaintiff."

The judgment of the district court is therefore affirmed.

*Affirmed.*

PEMBERTON, C. J., and HARWOOD J., concur.