PEOPLE ex rel. CAMPBELL v. DEWEY.

(Supreme Court, Special Term, New York County.    April. 1898.)

1. JUDGMENT—RES JUDICATA—CONFLICT OF LAWS—EVIDENCE.   ·
   Whether a determination in habeas corpus proceedings in another state has the effect of res judicata must be determined by the lex fori, where it is not proved that the determination has such binding effect in the other state.

2. SAME—IDENTITY OF ISSUES—HABEAS CORPUS.
   A determination on habeas corpus as to the custody of a child is conclusive only on an identical state of facts, and the court cannot say that the case is the same where the evidence of the former proceeding is not before it.

3. SAME—JUDGMENT OF SISTER STATE.
   A decree rendered in a habeas corpus proceeding has no operative force in another state.

4. SAME—PARTIES.
   A habeas corpus decree of one state for the custody of a child is not binding on the child in a similar proceeding in another state, where it was not a party to the former proceeding.

5. HABEAS CORPUS—NATURE OF PROCEEDING.
   Habeas corpus is a civil proceeding.

6. PROCESS—SERVICE ON SUNDAY—JUDGMENT.
   A decree in a habeas corpus proceeding is void where process was served on respondent on Sunday, in contravention of the law of the state where the proceeding was had (Rev. St. Tex. 1895, art. 1180, as amended in 1897).

7. SAME—WAIVER—JURISDICTION.
   Respondent in a habeas corpus proceeding does not waive the irregularity of service of process on Sunday, in contravention of law, by appearing and pleading, as the proceeding is absolutely void.

8. JUDGMENT—CONCLUSIVENESS—JURISDICTION.
   The refusal of the court to quash proceedings in habeas corpus for invalidity in serving process on Sunday is not conclusive of the regularity of the proceedings, since the court acquired no jurisdiction of respondent.

9. PARENT AND CHILD—CUSTODY—DOMICILE.
   A father who abandons his wife and child loses his paternal right, and the guardianship of the child devolves on the mother, whose domicile is its domicile.   .

10. STATE COURTS—JURISDICTION—JUDGMENTS AS TO STATUS.
    A court has no power to regulate the relations between parent and child domiciled in another state, such relation being a civil status; neither can it obtain jurisdiction for such purpose over persons temporarily within the state.

Habeas corpus by the people, on the relation of Don Campbell, against Lucia Dewey.    Writ dismissed.

Otto H. Wefing (Amos H. Evans, of counsel), for relator.
John A. Grow (A. J. Booty, of counsel), for respondent.

PRYOR, J. In habeas corpus for the possession of a child, the relator relies upon an order or decree in a like proceeding in a county court of Texas, awarding custody to him; conceding that, unless such order or decree be conclusive of his right, the writ should be dismissed.

Full faith and credit must be given in each state to the judicial proceedings of every other state (Const. U. S. art. 4, § 1); and they shall have such effect in any court in the United States as they have by law or usage in the courts of the state in which they are taken (Act Cong. May 26, 1790). Assuming the validity of the Texas proceeding, it is not apparent that, in that state, a determination upon habeas corpus for the custody of a child has the binding and indefeasible effect of res judicata; and, in the absence of proof of the foreign law, the lex fori furnishes the rule of decision. Monroe v. Douglass, 5 N. Y. 447. In New York a determination upon habeas corpus as to the custody of a child is a definitive and conclusive adjudication only on an identical state of facts (People v. Mercein, 3 Hill, 399; People v. Moss, 6 App. Div. 414, 39 N. Y. Supp. 690); and the record fails to satisfy me that the present condition of this child and the parents is such as to compel obedience to the mandate of the Texas court. In an action the party alleging the estoppel of res judicata must clearly establish it (Zoeller v. Riley, 100 N. Y. 102, 2 N. E. 388; Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55); and in habeas corpus the relator is under the same obligation (In re White, 45 Fed. 237, 239). The evidence in the Texas proceeding not being before me, I am unable to say that the case then made is identical with the case now presented. State v. Brearly, 5 N. J. Law, 555, 561.

Whatever effect may be allowed to an adjudication in habeas corpus by the jurisdiction rendering it, it has no operative force in another state, because "the decision of the court there could in no respect bind this court. The inquiry and command of that court must be bounded by the state in which it sat." State v. Brearly, 5 N. J. Law, 555, 561; Maria v. Kirby, 12 B. Mon. 542, 545. But, however conclusive the Texas decree upon the right of the litigants, the child, not being a party, is not affected, and its interest must determine the present controversy. Brewer, J., in Re Bort, 25 Kan. 308.

Conceding, however, the efficacy of res judicata to the Texas decree, if valid, it is open to the respondent to challenge it (Hunt v. Hunt, 72 N. Y. 217, 225; Atherton v. Atherton, 155 N. Y. 129, 134, 49 N. E. 933); and she impeaches it for defect of jurisdiction in the court to render it. By the law of New York, "no writ, process, order, judgment, decree or other proceeding of any court or officer of justice," except in criminal cases, "shall be served or executed upon the first day of the week, called Sunday." 1 Rev. St. 675, § 69. In Texas, "no civil suit shall be commenced, nor shall any process be issued or served on Sunday, except in cases of injunction, attachment, garnishment, sequestration or distress proceedings." Rev. St. Tex. 1895, art. 1180, as amended in 1897. Indeed, at common law, Sunday was

dies non juridicus as to process.    1 Rob. Prac. c. 72, p. 389; Story v. Elliot, 8 Cow. 27, note, p. 31.    Even when instituted for the relief of an alleged criminal, habeas corpus is a civil proceeding (Ex parte Tom Tong, 108 U. S. 556, 2 Sup. Ct. 871); and a fortiori is it such when invoked to determine the custody of a child (Legate v. Legate, 87 Tex. 248, 28 S. W. 281).

It is conceded that in the present instance the writ was served on Sunday.    Such service, forbidden by the law of Texas, was a nullity, and the proceeding founded upon it void.    Roberts v. Monkhouse, 8 East, 547; McIleham v. Smith, 8 Term R. 86; Taylor v. Phillips, 3 East, 155; Merritt v. Earle, 31 Barb. 38, 41; Van Vechten v. Paddock, 12 Johns. 178; Butler v. Kelsey, 15 Johns. 177; Pulling v. People, 8 Barb. 384; Allen v. Godfrey, 44 N. Y. 433; 24 Am. & Eng. Enc. Law, 574; Coleman v. Henderson, 12 Am. Dec. 290, note; Crabtree v. Whiteselle, 65 Tex. 111.

It is answered that, by appearing and pleading, the respondent waived the irregularity and gave the court jurisdiction.    The contention is untenable.    In Taylor v. Phillips, 3 East, 155, Lord Ellenborough, C. J., said: "It was a matter of public policy that no proceedings of the nature described in the statute should be had on Sunday; and therefore the regularity or irregularity of them could not depend on the assent of the party afterwards to waive an objection to such proceedings, which were in themselves absolutely void." Cited with approval, 12 Johns. 181.

The Texas court having denied a motion to quash the proceeding for invalidity in the service of the writ, the relator insists that the decision is conclusive of the regularity of the proceeding.    But, "if the court has not acquired jurisdiction of the person of the defendant,— that is, if no sufficient process has been served upon him,—there can be no judgment, even of abatement, given against the plaintiff; for the defendant must become a party in the court before he can have a judgment." King v. Poole, 36 Barb. 242, 244.    And, if no judgment be possible for the defendant, much less may there be a judgment against him.    Without cognizance of the cause, any order in it, if not of dismissal, is necessarily a nullity, and the decision of the court that it had jurisdiction is of no avail against the contrary fact.    The obvious and inevitable inference is that the so-called adjudication in the Texas proceeding is inoperative as an estoppel.

But for another and independent reason that pretended adjudication is ineffectual to uphold this proceeding.    In October, 1893, the respondent obtained a divorce from the relator on the ground of abandonment.    By the decree no disposition was made of the child, but it remains with the mother and is maintained by her exclusively.    The divorce enabled her to establish a domicile for herself (Bennett v. Bennett, Deady, 299, Fed. Cas. No. 1,318; Vischer v. Vischer, 12 Barb. 640); and for four years she, with the child, has been a resident citizen of the state of New York.    By the abandonment of the child and neglect to support it, the relator relinquished his paternal right (Wilson v. McMillan, 35 Am. Rep. 118, note); and thereupon the guardianship of the child devolved upon the mother.    As natural guardian, she was competent to change her ward's domicile (Jac. Dom. § 255);

and this she did by bringing the child into the state of New York. Her domicile became its domicile.

At the time, then, of the Texas proceeding, both mother and child were domiciled in the state of New York, and it was beyond the power of the Texas court to regulate the relations between them. The relation of parent and child is a civil status. 1 Bish. Mar. & Div. § 16. "It is plain that every state has the right to determine the status or domestic or social condition of persons domiciled within its territory." Hunt v. Hunt, 72 N. Y. 217, 227; Strader v. Graham, 10 How. 82. "Every nation may determine the status of its own domiciled subjects, and any interference by foreign tribunals would be an officious intermeddling with a matter in which they have no concern. The parties cannot consent to the change of status, and the judgment is not binding in a third country." Black, Jur. § 77. When the Texas proceeding was instituted the respondent and her child were transiently in that state, upon a temporary occasion, and with the intention of returning to their domicile in New York. "Though a state may have a right to declare the condition of all persons within her limits, the right only exists while that person remains there. She has not the power of giving a condition or status that will adhere to the person everywhere, but upon his return to his place of domicile he will occupy his former position." Maria v. Kirby, 12 B. Mon. 542, 545,—a case in which the decision is an adjudication of the precise point in controversy.

It results, therefore, that the Texas decree is of no effect in this state upon the right of the respondent to the custody of the child. The validity of that decree is further impugned for fatal irregularities in the proceeding, but, its futility as an estoppel being already apparent, the discussion need not be prolonged.

The writ is dismissed, and, as the respondent's fitness for the care and control of the child is not questioned, it is remanded to her custody.