STATE ex rel. HEPNER, Relator, *v.* DISTRICT COURT et
AL., Respondents.

(No. 2,796.)

(Submitted November 1, 1909.   Decided November 12, 1909.)

[104 Pac. 872.]

*Supervisory Control—District Courts—Habeas Corpus—Antic-
ipated Erroneous Action—Premature Application—Dismissal.*

1.  While the supreme court may, in a proper case, review the action
of a district judge in erroneously discharging a defendant in a
*habeas corpus* proceeding, it will not order the writ of supervisory
control to run in anticipation of erroneous action on his part.   The
presumption is that he will proceed correctly both in regard to ques-
tions of procedure and practice and in his final decision.

Original application by the state, on relation of H. S. Hepner,
county attorney for Lewis and Clark county, for a writ of super-
visory control to the district court of the first judicial district
for the county of Lewis and Clark, and James M. Clements, a
Judge thereof.   Dismissed.

*Mr. H. S. Hepner* filed a brief and argued the cause orally in
his own behalf.

*Mr. E. A. Carleton,* appearing in behalf of Respondents, filed
a brief and argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

Petition for a writ of supervisory control.   The petitioner, who
is the county attorney of Lewis and Clark county, alleges, in sub-
stance: That heretofore one Powers was by him prosecuted be-
fore S. W. Langhorne, a justice of the peace, for the statutory
offense of vagrancy; that Powers entered a plea of guilty and
was sentenced to serve a term in the county jail; that *habeas
corpus* proceedings, in behalf of said Powers, were thereafter
instituted in the district court before the Honorable J. M.

Clements, one of the judges thereof; that the said Judge Clements is prejudiced against the state of Montana, as shown in various other criminal matters in which he has given greater weight to the testimony of the defendant and his witnesses than to the testimony of reputable witnesses on the part of the state. It may be gathered, in a general way, from the petition, that the relator assumes that the said judge will proceed to hear testimony relating to what occurred in the justice of the peace court at the time Powers is alleged to have entered his plea of guilty; but there is no express allegation to that effect, or any allegation that the judge has ever tried a question of fact in a *habeas corpus* proceeding. It may also, perhaps, be inferred from the petition that the relator at the time he filed the same had no objection to that course of procedure, but that he apprehends a decision adverse to the state, on account of the fact that in other criminal actions and proceedings the judge has shown a tendency to believe the testimony of the defendant's witnesses in preference to that of witnesses in behalf of the state. The prayer is that a writ of supervisory control issue, directing another judge to hear Powers' petition.

Respondents have interposed a motion to dismiss the proceedings. Several grounds are urged; but the most comprehensive and important one is that the facts set forth in the petition are insufficient to justify the issuance of the writ. The motion must be granted. The question whether the court or judge is authorized to take testimony showing that Powers did or did not actually enter a plea of guilty in the justice of the peace court is not before us. This question was suggested at the hearing and has been argued in the briefs; but an analysis of the petition convinces us that we may not consider it. The only showing made by the petition is, assuming the allegations thereof to be true, that in certain other criminal matters (it is not alleged whether they were actions or special proceedings) the judge has shown a tendency to give credit to one class of witnesses over another. This court cannot undertake to regulate his judgment in this regard. Such matters are wholly and essentially for his deter-

mination. In a proper case we may review his decision; but we cannot dictate what it shall be in the first instance. The legislature has not provided that a district judge may be disqualified by the state in a *habeas corpus* proceeding on account of bias or prejudice, and we cannot supply the omission. If Powers is erroneously discharged from custody, the action of the court or judge may be corrected by this court in the manner pursued by the relator in *State ex rel. City of Butte* v. *District Court*, 37 Mont. 202, 95 Pac. 841; but we cannot anticipate such erroneous action. The presumption is that the district court and the judge thereof will proceed correctly, not only in the matter of final decision, but in regard to questions of procedure and practice as well.

The proceedings are therefore dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.