STATE EX REL. BRANDEGEE, RELATOR, v. CLEMENTS, DIS-
TRICT JUDGE, RESPONDENT.

(No. 3,795.)

(Submitted January 17, 1916.   Decided February 10, 1916.)

[155 Pac. 271.]

*Habeas Corpus — District Judges — Disqualification — Imputed
Bias and Prejudice—Prohibition.*

*Habeas Corpus*—Disqualification of District Judge—Imputed Bias and
Prejudice.
1.   *Habeas corpus* seeking the release of an incompetent from the cus-
tody of her guardian on the ground that she was competent and illegally
restrained of her liberty, is a proceeding civil in its nature; hence, the
guardian had the right to disqualify the judge who issued the writ, for
imputed bias and prejudice, under amended Section 6315, Revised Codes
(Chap. 161, Laws 1909).
Same—Impairing Efficacy of Writ.
2.   Inasmuch as the writ of *habeas corpus* is a highly prerogative one
and the disposition of the proceeding is not directly subject to review,
the conclusion that the right to disqualify the district judge for imputed
bias and prejudice may be exercised in such a proceeding, does not im-
pair, but rather increases, the efficacy of the writ.
Prohibition—When Issuance of Writ not Premature.
3.   Where the allegations of relator's affidavit that an affidavit of dis-
qualification for imputed bias and prejudice had been filed in time, that
the district judge paid no attention to it and intended to hear and dis-
pose of a *habeas corpus* proceeding the day after the issuance of the
writ, were admitted by a motion to quash, the issuance of a writ of
prohibition was not premature.

[As to disqualification of judge for interest, see note in Ann. Cas.
1912C, 1165.]

Original application by the State, on the relation of E. N.
Brandegee, guardian of Mary Murphy, an incompetent, for a
writ of prohibition against J. M. Clements, Judge of the Dis-
trict Court of Lewis and Clark County.   Writ issued.

*Messrs. Galen & Mettler* and *Mr. Edward D. Phelan,* for Re-
lator, submitted a brief; *Mr. F. W. Mettler* argued the cause
orally.

*Mr. Wellington D. Rankin,* for Respondents, submitted a brief
and argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The relator, E. N. Brandegee, shows to this court: That he is, and since August, 1915, has been, the duly appointed and acting guardian of the person and estate of Mary Murphy, judicially declared incompetent; that on January 10, 1916, Anna E. Nett, daughter of said Mary Murphy, filed in the district court of Lewis and Clark county a petition, alleging, in substance, that said Mary Murphy is illegally imprisoned and restrained of her liberty by the relator, under the pretense that she is incompetent to take care of herself and of her property, whereas she is now competent and capable of taking care of herself and her property, and praying the issuance of a writ of *habeas corpus,* to the end that she be released from such restraint; that on the same day such writ was ordered to issue by Honorable J. M. Clements, one of the judges of said court, and was issued returnable January 11, 1916, at 2 o'clock P. M.; that the writ was served the day of its issuance, and the relator thereupon filed in said court his affidavit imputing bias and prejudice to Judge Clements, under the provisions of section 6315, Revised Codes, as amended; that Judge Clements has failed to call in another judge to hear said matter, but threatens to, and, unless prevented by this court, will, proceed to hear the same himself, without jurisdiction so to do, and to the prejudice of relator and his ward.

Upon the filing of this petition an alternative writ of prohibition was issued, which respondent has moved to quash, for that the petition herein does not state facts sufficient to justify any interference by this court, is premature, and is an impairment of the efficiency of the writ of *habeas corpus.* Upon this state of the record the matter was heard and submitted: the principal [1] question presented being whether the privilege granted by subdivision 4, section 6315, Revised Codes, as amended, is available in *habeas corpus* proceedings. The respondent says it is not, arguing that *habeas corpus* is a special proceeding of a criminal nature, and to such proceedings, according to the decision of this court in *State ex rel. Boston & Mont. etc. Min.*

*Co.* v. *The Judges,* 30 Mont. 193, 76 Pac. 10, the provisions in question do not apply.

The notion that *habeas corpus* is a special proceeding of criminal nature is based upon the fact that the statutory provisions relating to it are found in the Penal Code, in a title headed "Special Proceedings of a Criminal Nature" (Rev. Codes, secs. 9630 *et seq.*), and upon some expressions found in *State ex rel. Jackson* v. *Kennie,* 24 Mont. 45, 60 Pac. 589, and *State ex rel. Hepner* v. *District Court,* 40 Mont. 17, 104 Pac. 872. These circumstances are to be considered, but they are not to be given weight beyond their due. The provisions for the writ of *habeas corpus* were not enacted, in the first instance, as part of our present Codes or of the Codes of 1895, but antedate them, and the inclusion of them in the Penal Code under the title heading "Special Proceedings of a Criminal Nature" was primarily the codifiers' solution of a question which has always been vexatious in Code making, *viz.,* the question of classification. The legislature, recognizing this, especially enacted in subdivision 3, section 3562, that the classification of the several parts of the four Codes is to be regarded as made for convenience and orderly arrangement only, and no implication or presumption of legislative construction is to be drawn therefrom. So that, whatever persuasive force may be given to collocation in determining the scope and meaning of particular statutes, the essential nature of a remedy recognized or conferred is not to be settled by considerations of this character alone. The expressions relied on from *State ex rel. Jackson* v. *Kennie* are neither definite nor decisional; while *State ex rel. Hepner* v. *District Court* simply holds that the statute does not provide for the disqualification of a judge by the state in a *habeas corpus* proceeding—an indisputable proposition, grounded, however, in the obvious fact that the state is not a party to such proceeding, rather than in any notion that the proceeding is criminal in its nature. The matter, however, is not *res integra* in this state. All the statutory provisions we now have which can in any wise characterize the proceeding as

civil or criminal, existed in 1893 (Comp. Stats. 1887, sec. 1164 *et seq.*), and under them it was held in *State ex rel. Newell* v. *Newell,* 13 Mont. 302, 34 Pac. 28, that *habeas corpus* is a special proceeding in the nature of an action so far civil that the petitioner is a plaintiff and the disposition of the matter a judgment within the meaning of section 495 of the Code of Civil Procedure, Compiled Statutes of 1887, allowing costs to the plaintiff upon a judgment in his favor in special proceedings in the nature of an action. And this is entirely in harmony with the rule announced by the overwhelming weight of authority (see note to *Fisher* v. *Baker,* 7 Ann. Cas. 1018 [203 U. S. 174, 51 L. Ed. 142, 27 Sup. Ct. Rep. 135]), the reasons for which are thus stated by Chief Justice Waite: "The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right of liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of *habeas corpus* which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims as against those who are holding him in custody, under the criminal process. * * * The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. * * * Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution." (*Ex parte Tom Tong,* 108 U. S. 556, 27 L. Ed. 826, 2 Sup. Ct. Rep. 871; see, also, *Winnovich* v. *Emery,* 33 Utah, 345, 93 Pac. 988; *State* v. *Huegin,* 110 Wis. 189, 224, 62 L. R. A. 700, 85 N. W. 1046; *People* v. *Dewey,* 23 Misc. Rep. 267, 50 N. Y. Supp. 1013;

*Simmons* v. *Georgia Iron etc. Co.,* 117 Ga. 305, 61 L. R. A. 739, 43 S. E. 780.) From this, indeed, there is but qualified dissent; a few cases going so far as to hold that, where the writ is sought to secure release from custody exercised in virtue of the criminal laws, it may then be classed as criminal (*Legate* v. *Legate,* 87 Tex. 248, 28 S. W. 281; *Gleason* v. *Commissioners of McPherson County,* 30 Kan. 53, 492, 1 Pac. 384, 2 Pac. 644; *People* v. *Bradley,* 60 Ill. 390); but no decision has been called to our attention in which it is even suggested that the proceeding can be criminal in its nature when invoked on any other occasion. In any recognized view of the matter, therefore, the proceeding here presented must be regarded as civil in its nature, the parties thereto being Mrs. Murphy and her guardian, both of whom are entitled to the privileges conferred by section 6315, Revised Codes, *supra.*

It is suggested by the respondent that this conclusion tends [2] to impair the efficiency of the writ of *habeas corpus.* We think the contrary is true. The writ is a high prerogative one, the disposition of the proceeding is not directly subject to review, and the greater necessity therefore exists for the hearing of it by a judge whose impartiality cannot be questioned. Moreover, the writ in the present instance is merely used to have determined the question of Mrs. Murphy's present competency. The proper proceeding for that purpose is prescribed in section 7767 of the Revised Codes, and in such proceeding either party may disqualify for imputed bias. (*State ex rel. Carroll* v. *District Court,* 50 Mont. 506, 148 Pac. 312.) We have not decided, and do not now decide, that the writ of *habeas corpus* is an alternative method to accomplish the same end. But, assuming that it is. the mere selection of one form of procedure instead of the other, at the arbitrary will of one of the parties, affords no reason for depriving the other party of a right to which he would otherwise be entitled.

The suggestion that the proceeding in this court is premature [3] is without merit. The petition alleges, in effect, that the affidavit of disqualification was filed in time; that Judge Clem-

ents has paid no attention to it; that he intends to hear and dispose of the matter himself. These things are admitted by the motion to quash; so that the relator is subjected to a proceeding before Judge Clements, wherein Judge Clements has no jurisdiction save to set it for trial, transfer it, or call another judge (*State ex rel. Goodman* v. *District Court,* 46 Mont. 492, 128 Pac. 913; *State ex rel. Sherman* v. *District Court,* 51 Mont. 220, 152 Pac. 32), and wherein the disposition of it, if adverse to the relator, cannot be reviewed in the ordinary course of law.

It is therefore ordered that a peremptory writ issue prohibiting the respondent from proceeding further in the matter referred to, save to transfer it or set it for hearing and call another judge to hear the same.

*Writ Issued.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.